The undersigned have reviewed the award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some minor technical modifications. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusion of law, and ultimate order.
***********
Accordingly, the undersigned find as fact and conclude as matters of law the following, which were entered into by the parties as
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. A set of Form 22's is attached to the Pre-Trial Agreement was received into evidence.
3. A Form 33R attached to the Pre-Trial Agreement was received into evidence.
4. An index of medical records marked as Exhibit S1 was received into evidence.
5. A job description marked as Exhibit S2 was received into evidence.
6. A note signed by Greg Rhyne, dated July 11, 1997, was marked as Exhibit S3 and received into evidence.
***********
Based upon all of the competent, credible, and convincing evidence adduced from the record as a whole, the undersigned make the following additional
 FINDINGS OF FACT
1. During November or December 1996, plaintiff began to experience pain in his hips and lower back. Plaintiff did not know how this condition developed, what caused it, or how it started.
2. On February 28, 1997, plaintiff sought medical treatment from Chiropractor Train for pain in his hips and lower back. Plaintiff reported to Chiropractor Train that he was experiencing a radiating type of pain at the L5-S1 level on the left side. Plaintiff reported that he did not know how this condition developed, what caused it, or how it started. He did not report to Dr. Train that he had fallen from a truck tailgate while unloading furniture three days prior to this examination.
3. On March 19, 1997, plaintiff completed an application seeking to receive private disability payments for work days missed as a result of the condition treated by Chiropractor Train. Plaintiff reported that he injured himself on February 25, 1997, when he fell from a truck tailgate while unloading furniture.
4. From February 28, 1997 through March 20, 1997, plaintiff received treatment for his hips and lower back from Chiropractor Train.
5. On March 21, 1997, plaintiff began a course of treatment under the direction of an orthopedic surgeon, Dr. Vesano. Plaintiff was not referred to Dr. Vesano by chiropractor Train. After an examination of plaintiff's back, Dr. Vesano directed plaintiff to undergo an MRI. Plaintiff specifically reported to Dr. Vesano that he did not recall any one specific episode of injury. Plaintiff did not report that he injured himself on February 25, 1997, as a result of a fall from a truck tailgate while unloading furniture.
6. The March, 1997, MRI revealed that plaintiff had a ruptured disc at the L4-L5 level. This ruptured disc was putting some pressure on the right L-5 nerve. This ruptured disc was not the result of a work-related specific traumatic incident.
7. On March 25, 1997, plaintiff reported to Dr. Vesano that he was experiencing severe pain in his leg. Based upon this report of pain and a review of the March 1997 MRI, Dr. Vesano directed plaintiff to undergo a nerve root block at the L4 and L5 level on the left side. Plaintiff experienced some relief from this treatment, but he did not become completely pain free prior to July 8, 1997. On plaintiff's last examination by Dr. Vesano prior to July 8, 1997, plaintiff continued to experience pain in the lumbosacral fascia to the left side.
8. On July 7, 1997, defendant reprimanded the plaintiff for problems with attendance at work.
9. One day after receiving a reprimand for problems with attendance at work, plaintiff claims he was performing his regular job duties for the defendant when he reached down to adjust a bolt. Plaintiff claims that when he stood up, he felt a pull in his back. This claim is not accepted as credible or convincing by the undersigned. Plaintiff's supervisor directed him to undergo an examination with a Dr. Crumley. After an examination of plaintiff's lower back, Dr. Crumley recommended that the plaintiff undergo physical therapy, but plaintiff declined to do so because the defendant was unwilling to pay for this therapy. Plaintiff did not return to work for the defendant after July 9, 1997.
10. On August 1, 1997, plaintiff returned to Dr. Vesano for further treatment for his back. An examination of the plaintiff's lower back revealed slight discomfort in the lumbosacral fascia as well as in the upper buttock, but there was no radical pain down his leg.
11. On August 1, 1997, plaintiff's lower back condition at the L4-L5 was not appreciably different from his condition prior to July 8, 1997.
12. On October 3, 1997, Dr. Vesano released plaintiff to return to work with a restriction of no overhead lifting of items weighing more than fifty pounds.
13. Plaintiff voluntarily decided to resign from his employment on October 3, 1997. Plaintiff's regular job duties as a spiral team leader remained available to the plaintiff on October 3, 1998. These job duties could have been performed within the job restrictions set forth by Dr. Vesano. The spiral team leader position was a suitable job that plaintiff could have performed had he diligently sought this position instead of tendering a resignation.
14. During later September or early October of 1998, plaintiff underwent a lumbar laminectomy at the L4-L5 level.
***********
Based upon the foregoing stipulations and findings of fact, the undersigned make the following
 CONCLUSION OF LAW
1. Plaintiff has failed to show by the greater weight of the competent, credible, or convincing evidence that any July 8, 1997 work-related incident materially accelerated and/or aggravated plaintiff's pre-existing disc herniation at the L4-L5 level. N.C. Gen. Stat. § 97-2(6).
***********
Based upon the foregoing stipulations findings of fact and conclusion of law, the undersigned enter the following
 ORDER
1. Plaintiff's claim is HEREBY DENIED.
2. Defendant shall pay expert witness fees in the amounts of $105.00 to Chiropractor Train and $235.00 to Dr. Vesano.
3. Each side shall pay its own costs.
***********
IT IS FURTHER ORDERED that this case shall be REMOVED from the Full Commission hearing docket.
This the ___ day of ________, 1999.
S/_____________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/_____________ BERNADINE S. BALLANCE COMMISSIONER
DISSENTING WITHOUT A WRITTEN DISSENT:
S/_____________ THOMAS J. BOLCH COMMISSIONER
JHB:kws